IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06- cr-00268-WKW |
| | ) | |
| JEFFERY CHAD WALLACE | ) | |

## ORDER ON DETENTION MOTION

At the scheduled time for the consolidated preliminary and detention hearing requested on the criminal complaint in Case no. cr. no. 3:06 mj 122, the court received notice of a conflict requiring appointment of new counsel for the Defendant. It is, therefore,

**ORDERED** that the Federal Defender is relieved from her previous appointment, and *Russell Duraski, Esq., is hereby appointed to represent the Defendant*. He is INSTRUCTED to filed his notice of appearance by November 22, 2006.

Upon notice of the Defendant's INDICTMENT on November 16, 2006 (Doc. 9), it is **ORDERED** *that the scheduled preliminary hearing is CANCELLED as moot.*

Upon consideration of defense counsel's representations, and direct inquiry to the Defendant, the court finds that the Defendant has made a counseled and voluntary waiver of the scheduled detention hearing and accepts detention on the grounds asserted in the Government's Motion (Doc. 4), without prejudice for moving to re-consider the question of pretrial release or detention. It is, therefore,

**ORDERED** that the *Government's Motion* **(Doc. 4)** *is GRANTED without objection from the Defendant and without prejudice for reconsideration.* The scheduled detention hearing is cancelled as moot.

In support of its detention motion, the United States invoked the rebuttable presumption against defendant under Section 3142(e), alleging probable cause to believe he committed a drug offense for which a prison term of ten years or more is mandated. The Indictment documents probable cause that Defendant knowingly and intentionally manufactured five grams or more of methamphetamine in Coffee County around November 2, 2006 (*Count 1*); that he knowingly and intentionally possessed a listed chemical, i.e., pseudoephedrine, knowing and having reasonable cause to believe, that the pseudoephedrine would be used to manufacture a controlled substance, that is, methamphetamine (*Count 2*); and that he knowingly opened, used, and maintained a place for the purpose of manufacturing, distributing and using methamphetamine (*Count 4*). A Count 1 conviction under 21 U.S.C.§ 841(a)(1) carries a prison term of not less than 5 years and not more than 40 years while Count 2, charging a violation of 21 U.S.C. § 841 (c)(2), carries a prison term of not more than 20 years.

Accordingly, it is **ORDERED** that the *defendant is committed to the custody* of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

It is further ORDERED that the Defendant be produced for his initial appearance and arraignment on the Indictment at the scheduled arraignment docket in District Courtroom

4A on November 29, 2006, at 10:00 a.m.

Done this 21st day of November, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE